UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GERALD REED, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>GENERAL MOTORS FORT WAYNE )<br>ASSEMBLY, )<br>)<br>    Defendant. ) | No. 1:21-cv-00316-HAB-SLC |

## OPINION AND ORDER

Before the Court is the parties' joint motion for entry of a stipulated protective order (ECF 16), seeking the Court's approval and entry of a proposed protective order agreed to by the parties pursuant to Federal Rule of Civil Procedure 26(c) (ECF 16-1). Because the proposed order is deficient in several aspects, the motion will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order is not limited to the discovery period and provides for filing documents under seal (ECF 16-1 ¶¶ 18, 19), it requires a higher level of scrutiny.

The proposed order submitted by the parties fails to set forth narrow, demarcated categories of legitimately confidential information. The propose order defines "Confidential Material" as "confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, private or confidential personal information, customer information, or commercial information . . . ." (ECF 16-1 ¶ 3). But generic terms such as "confidential," "sensitive," or "commercial" are not narrow, demarcated categories. *See Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Moreover, the proposed definition of "Confidential Information" incorporates the catch-all phrase "including, but not limited to," which expands its boundaries even further.

With respect to the use of "non-public" as a qualifier in the proposed order (ECF 16-1 ¶¶ 2, 4), "'[n]on-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors." *Cook*, 206 F.R.D. at 248. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Id*. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only

because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

The proposed order also incorporates problematic "fudge" phrases, enabling a party to designate information as confidential if it "believes in good faith" that the information is entitled to protection. (ECF 16-1 ¶¶ 2, 3, 5, 28.1). This compounds the vagueness of the already overly-broad proposed order. *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard*, 2003 WL 1702256, at *1 (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Another problem with the proposed order is the language in paragraph 11, stating that confidential information may be disclosed "solely to the following persons, who agree to be bound by the terms of this Order . . . . [t]he Court and its personnel . . . ." (ECF 16-1 ¶ 11 (emphasis added)). The Court treats any information filed under seal or *in camera* in accordance with its applicable rules and policies. It is unwilling, however, to adopt the parties' proposed language that could suggest the Court or its personnel agree to be bound as a third-party to the terms of the proposed order.

And while the order will remain in force after termination of the suit (*id.* ¶¶ 24, 32), the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual

agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).  Also, as to paragraph 24, once a protective order is approved and adopted by the Court, it cannot be modified solely by "consent of the by parties," as any agreed modification must be approved by the Court.

Finally, the Seventh Circuit Court of Appeals has made it clear that a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946.  The proposed order does not explicitly contain this language.  (*See* ECF 16-1 ¶ 20).  "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Id.* at 945.

For these reasons, the Court DENIES the parties' motion for entry of a stipulated protective order (ECF 16) without prejudice and declines to enter the parties' proposed agreed stipulated protective order (ECF 16-1).  The parties may submit another motion with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit caselaw.

SO ORDERED.

Entered this 26th day of April 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge